UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 21-cr-601 (JDB) |
| | : | |
| **DAVID ANTONIO TICAS,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S REPLY TO SENTENCING MEMORANDUM

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply brief in connection with sentencing in this case. The defendant, David Antonio Ticas, has filed a response to the government's sentencing memorandum arguing that the Court does not have authority to impose a split sentence in this case. ECF No. 37. That argument lacks merit.

1.  The Court has lawful authority to impose a split sentence. Every judge in this District to have addressed the issue in writing has concluded that he or she has authority to impose a split sentence. *See United States v. Little*, 21-cr-315 (RCL), 2022 WL 768685 (D.D.C. Mar. 14, 2022); *United States v. Sarko*, No. 21-cr-591 (CKK), 2022 WL 1288435 (D.D.C. Apr. 29, 2022); *United States v. Caplinger*, No. 21-cr-342 (PLF), 2022 WL 2045373 (D.D.C. June 7, 2022). Other judges in this District have imposed split sentences. *See* ECF No. 34 at 22 (collecting cases imposing split sentences); *United States v. Revlett*, 21-cr-281 (JEB), [judgment not yet filed], (D.D.C. July 7, 2022) (imposing split sentence); *United States v. Getsinger*, 21-cr-607 (EGS), [judgment not filed] (D.D.C. July 12, 2022) (imposing split sentence).

2.  The fact that certain judges have opted not to impose split sentences does not mean that they have necessarily concluded they lack the legal authority to do so. Moreover, Ticas's

citation to Judge Kollar-Kotelly's decision in *United States v. Spencer*, 21-cr-147, ECF 70 (D.D.C. Jan. 19, 2022), in support of his argument that some judges have declined to impose split sentences, ECF No. 37 at 3 n.3, is misleading. Following *Spencer*, Judge Kollar-Kotelly changed course and determined she had the authority to impose a split sentence. *See Sarko*, 2022 WL 1288435 (imposing split sentence).

3.  Ticas's arguments here are materially identical to the arguments raised in *United States v. Caplinger*, 21-cr-342 (PLF), ECF 51, 53. But Judge Friedman rejected those arguments and concluded he had authority to impose a split sentence. *See Caplinger*, 2022 WL 2045373 (D.D.C. June 7, 2022). This Court should do the same.

For the reasons set forth in its sentencing memorandum (ECF No. 34 at 22-31) and herein, the government requests that this Court impose a split sentence for David Antonio Ticas of three months' incarceration, 36 months' probation, 60 hours community service, and $500 restitution.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    D.C. Bar Number 481052

By: */s/ Andrew J. Tessman*
    ANDREW J. TESSMAN
    Assistant United States Attorney
    Federal Major Crimes – Detailee
    West Virginia Bar No. 13734
    300 Virginia Street
    Charleston, WV 25301
    (304) 345-2200
    Andrew.Tessman@usdoj.gov