UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DAVID ANTONIO TICAS,<br>    Defendant. | Criminal Action No. 21-601 (JDB) |

## ORDER

Before the Court is David Antonio Ticas's unopposed motion for early termination of probation. Ex Parte Application for Early Termination of Probation [ECF No. 47] ("Mot."). For the following reasons, the Court will grant the motion and terminate Ticas's term of probation as of October 23, 2023.

On April 26, 2022, Ticas pleaded guilty to one Class B misdemeanor count of parading, demonstrating, or picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). See April 26, 2022 Min. Entry; Judgment [ECF No. 40] at 1. According to the stipulated Statement of Offense, Ticas traveled to Washington, D.C., with his family to protest Congress's certification of the Electoral College vote on January 6, 2021. Statement of Offense [ECF No. 30] ¶ 8. After attending the "Stop the Steal" rally, he marched with his family toward the Capitol where he recorded videos of himself shouting expletives at law enforcement officers who were trying to protect the building. Id. ¶¶ 9–10. Ticas and his teenage daughter entered the Capitol and spent approximately 19 minutes inside. Id. ¶¶ 11–14. Ticas bragged on social media and to his friends about storming the building and attempting to disrupt the election. Id. ¶¶ 13, 15.

On July 15, 2022, this Court sentenced Ticas to 14 days imprisonment followed by two years of probation. Judgment at 2–3. His attorney represents that he has now served his full term

1

of imprisonment and approximately one year of the probation term without violation. See Mot. ¶¶ 2–3. She further represents that he is employed and living with his family in Georgia. See id. ¶ 3.

A court may terminate a previously ordered term of misdemeanor probation "at any time" "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable." 18 U.S.C. § 3564(c); see United States v. Ferrell, 234 F. Supp. 3d 61, 63 (D.D.C. 2017). The court may "discharge the defendant . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3564(c).

The Court concludes that the factors set forth in § 3553(a) support early termination of probation. A 14-day term of imprisonment and 13 months of probation is sufficient "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." Id. § 3553(a)(2)(A). Early termination of probation is further justified by "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," id. § 3553(a)(6), since the D.C. Circuit held after Ticas's sentencing that "split sentences" of incarceration and probation are not authorized for petty offenses such as 40 U.S.C. § 5104(e)(2)(G), United States v. Little, 78 F.4th 453, 460–61 (D.C. Cir. 2023).

The Court is further "satisfied that [early termination] is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3564(c). The evidence presented indicates Ticas has fully complied with the terms of his incarceration and probation and is now employed and living with his family. Mot. ¶¶ 2–3. The Court also gives weight to the lack of opposition from the U.S. Attorney's Office and the U.S. Probation Office. See id. ¶ 4. Early termination of Ticas's probation is therefore warranted and in the interest of justice.

\* \* \*

For the foregoing reasons, and upon consideration of the entire record herein, it is hereby

**ORDERED** that [47] defendant's ex parte application for early termination of probation is **GRANTED**; and it is further

**ORDERED** that Ticas's term of probation shall terminate as of October 23, 2023.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: October 12, 2023